JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Andrew Saultz
1016 Hill Street
Phillipsburg, NJ 08865

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fredrick E. Charles, Esquire    (610) 437-7064
441 Linden Street
Allentown, PA  18102

### DEFENDANTS
Commonwealth of Pennsylvania, et al,   City of Bethlehem, et al.
Strawberry Square, 16th Floor          10 E. Church Street
Harrisburg, PA  17120                  Bethlehem, PA  18018

County of Residence of First Listed Defendant    Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

❒ 2  U.S. Government
     Defendant

❒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ☒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | Product Liability | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & | ❒ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' Liability | Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans | ❒ 340 Marine | ❒ 368 Asbestos Personal Injury Product | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| (Excludes Veterans) | ❒ 345 Marine Product Liability | Liability | | ❒ 840 Trademark | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 160 Stockholders' Suits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 190 Other Contract | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 720 Labor/Management | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | ❒ 380 Other Personal Property Damage | Relations | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | ❒ 385 Property Damage | ❒ 740 Railway Labor Act | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| | ❒ 362 Personal Injury - Medical Malpractice | Product Liability | ❒ 751 Family and Medical Leave Act | ❒ 865 RSI (405(g)) | ❒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 895 Freedom of Information Act |
| ❒ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement Income Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 899 Administrative Procedure Act/Review or Appeal of |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | | Agency Decision |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of State Statutes |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | | ❒ 550 Civil Rights | | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ❒ 2 Removed from State Court   ❒ 3 Remanded from Appellate Court   ❒ 4 Reinstated or Reopened   ❒ 5 Transferred from Another District *(specify)*   ❒ 6 Multidistrict Litigation - Transfer   ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983, 1988
Brief description of cause:
False Arrest, False Imprisonment, Malicious Prosecution, Due Process and 4th & 14th Amendment Violations

## VII. REQUESTED IN COMPLAINT:
❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _Fredrick E. Charles_   DOCKET NUMBER

DATE  12/9/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff ___1016 Hill Street, Phillipsburg, New Jerrsey 08865;___

Address of Defendant:  Strawberry Square, 16th Floor, Harrisburg, Pennsylvania 17l20

Place of Accident, Incident or Transaction:_____Northampton County, Pennsylvania_____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed. R. Civ. P. 7.1(a))
Yes☐  No X

Does this case involve multidistrict litigation possibilities?          Yes☐      No X
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I,____**Fredrick  E. Charles, Esquire**_____, counsel of record do hereby certify:
(X) Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
(X) Relief other than monetary damages is sought.

DATE:___12/9/2019_____          **Fredrick E. Charles, Esquire**          _____25961_____
                                        Attorney-at-Law                                   Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is **not related to** any case now pending or within one year previously terminated action in this court except as noted above.
DATE:___12/9/2019_____        Fredrick E. Charles, Esquire          _____25961_____
                                        Attorney-at-Law                                   Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Robert Andrew Saultz, | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | |
| Commonwealth of Pennsylvania, et al, | : | NO. |
| Defendants | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)


12/9/19        _Fredrick E. Charles_               **Fredrick E. Charles, Esquire**
**Date**              **Attorney-at-law**                     **Attorney for Plaintiffs**

 **(610) 437-7064**           **(610) 838-0367**          **thecharleslawoffice@gmail.com**
**Telephone**              **FAX Number**                 **E-Mail Address**


**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ANDREW SAULTZ, | : |
|                Plaintiff | :   **NO.** |
|   vs. | : |
| | :   **CIVIL ACTION** |
| COMMONWEALTH OF PENNSYLVANIA | : |
| OFFICE OF ATTORNEY GENERAL. JOSH SHAPIRO | : |
| ATTORNEY GENERAL | : |
|     and | :   **JURY TRIAL DEMANDED** |
| ATTORNEY GENERAL JOSH SHAPIRO | : |
| Office of the Attorney General | : |
|     and | : |
| SPECIAL AGENT ERIC J. BARLOW | : |
| Office of the Attorney General Office | : |
|     and | : |
| CITY OF BETHLEHEM | : |
|     and | : |
| ROBERT DONCHEZ, MAYOR | : |
| City of Bethlehem | : |
|     and | : |
| MARK DiLUZIO, CHIEF OF POLICE | : |
| City of Bethlehem, Police Department | : |
|     and | : |
| SERGEANT MICHAEL LEASER, Badge #392 | : |
| City of Bethlehem Police Department | : |
|     and | : |
| OFFICER DAWN HEUSER, Badge #439 | : |
| City of Bethlehem Police Department | : |
|     and | : |
| OFFICER/SERGEANT JOHN DOE | : |
| City of Bethlehem Police Department, | : |
|                Defendants | : |

-1-

## COMPLAINT

### I.   JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 1331 and 1343
(1), (3) and (4).

2.      This is an action for damages authorized by and/or arising under 42 U.S.C. §§
1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of
America.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of One
Hundred Fifty Thousand ($ 150,000.00) Dollars.

4.      All conditions precedent to jurisdiction have occurred or been complied with.

5.      State claims are brought pursuant to this Honorable Court's supplemental
jurisdiction under 28 U.S.C. § 1367 (a).

6.      Venue is proper in the Eastern District of Pennsylvania and pursuant to 28 U.S.C.
§ 1391. Plaintiff resided in the Eastern District of Pennsylvania and the alleged unlawful conduct
of Defendants, as set forth in this Complaint, which forms the legal basis of the Plaintiff's
claims/causes of action occurred within the Eastern District of Pennsylvania.

### II.   PARTIES

7.      Plaintiff Robert Andrew Saultz (hereinafter "Plaintiff") is an adult individual
residing at 1016 Hill Street, Phillipsburg, New Jersey 08865.

8.      Defendant Commonwealth of Pennsylvania, Office of the Attorney General is a
departmental agency within the Commonwealth of Pennsylvania, with an independently elected
Attorney General, licensed to prosecute criminal conduct and civil actions within the

Commonwealth of Pennsylvania.

9.     Defendant Josh Shapiro (hereinafter "Defendant Shapiro"), at all times relevant to the within action, was elected and served as the Attorney General for the Commonwealth of Pennsylvania with his principal office located at Strawberry Square, 16th Floor, Harrisburg, Pennsylvania 17120.

10.     As Attorney General for the Commonwealth of Pennsylvania, Defendant Shapiro is an elected official of the Commonwealth, in direct supervision of the Office of the Attorney General and of its sworn members and also of the selection of the supervisory personnel for the Office of the Attorney General and, as such, is responsible for the formulation and implementation of practices, policies, customs and procedures and for overseeing the day to day operation and command of the Office of the Attorney General. At all times relevant to the within action, Defendant Shapiro acted under color of state law.

11.     Defendant Investigator Eric J. Barlow (hereinafter "Defendant Barlow"), at all times relevant to the within action served as an investigator for the Office of the Attorney General, Child Predator Section, with his principal office at Strawberry Square, 16th Floor, Harrisburg, Pennsylvania 17120. At all times relevant to the within action, Defendant Barlow acted under color of state law.

12.     Defendant City of Bethlehem is a political subdivision of the Commonwealth of Pennsylvania, situated within the Eastern District of Pennsylvania, with its address at 10 E. Church Street, Bethlehem, Northampton County, Pennsylvania 18018. It is incorporated and exists as a city of the Third Class under the laws of the Commonwealth of Pennsylvania and is empowered to establish, regulate and control its police department for enforcement of laws

within its jurisdiction and for the purpose of protecting and preserving the persons and property within the jurisdiction of the City and owns, operates, manages, directs and controls the City of Bethlehem.

13.     Defendant Robert J. Donchez (hereinafter "Defendant Donchez"), at all times relevant to the within action, was elected and served as Mayor of Defendant City of Bethlehem and was responsible for supervising the actions of his supervisory/management level employees, including the action of Chief of Police, the Bethlehem Police Department and its officers.

14.     As Mayor, Defendant Donchez is an elected official of Defendant City of Bethlehem, in direct supervision of the police department and its sworn members and also of the selection of the supervisory personnel of the Bethlehem Police Department and, as such, is responsible for the formulation and implementation of practices, policies, customs and procedures and for overseeing the day to day operation and command of the police department.

15.     As Mayor, Defendant Donchez is responsible for promulgating and enforcing all rules and regulations concerning the operation of the Bethlehem Police Department. He is further responsible, by himself or through his agents, to investigate the alleged misconduct of police officers, outside of the normal channel of investigation internal to the police department.

16.     At all times relevant to the within action, Defendant Donchez acted within the scope of his duties and authority, under color or title of state or municipal or public law or ordinance and supervised or controlled one or more of Defendants named herein in their conduct and actions or acted in concert with them in performance of their conduct or actions.

17.     Defendant Mark DiLuzio, (hereinafter "Defendant DiLuzio"), at all times relevant to the within action, served as Chief of Police for the City of Bethlehem Police Department,

-4-

whose address was 10 E. Church Street, Bethlehem, Pennsylvania 18018.

18.　　At all times relevant to the within action, Defendant DiLuzio had policymaking authority for the Police Department of Defendant City and was responsible for supervising the actions of the police department and its officers.

19.　　As Chief of Police, Defendant DiLuzio was responsible for the formulation and/or implementation of practices, policies, customs and procedures, control, assignment and discipline of the officers of the Bethlehem Police Department.

20.　　As Chief of Police, Defendant DiLuzio was responsible for overseeing the day to day operation of the police department and the command and control of all of its officers.

21.　　At all times relevant to the within action, Defendant DiLuzio was acting within the scope of his duties and under the authority as Chief of Police and acted under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the Defendants named herein in their conduct and actions or acted in concert with them in performance of their conduct or actions.

22.　　Defendant DiLuzio had the ultimate authority for supervising and controlling the officers of the Bethlehem Police Department.

23.　　Defendant Sergeant Michael Leaser, Badge No. 392, Bethlehem Police Officer, (hereinafter "Defendant Leaser"), is an adult individual who is currently serving in his capacity as a sworn officer in the Bethlehem Police Department, 10 E. Church Street, Bethlehem, Pennsylvania 18018. As a police officer, Defendant Leaser is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania. At all times relevant to the within action, Defendant Leaser acted under color of state law.

-5-

24.     Defendant Officer Dawn Heuser, Badge No. 439, Bethlehem Police Officer, (hereinafter "Defendant Heuser"), who is currently serving in her capacity as a sworn officer in the Bethlehem Police Department, 10 E. Church Street, Bethlehem, Pennsylvania 18018. As a police officer, Defendant Heuser is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania. At all times relevant to the within action, Defendant Heuser acted under color of state law.

25.     After good faith investigation, Plaintiff believes that Defendant Leaser is one of the officers who initially stopped and arrested Plaintiff, however, in the event that Plaintiff is incorrect, Plaintiff names Defendant John Doe, whose identity is currently unknown, as the Sergeant/officer who initially stopped and placed Plaintiff under arrest for driving under the influence. Once determined, the identity of said officer, if different than Leaser, will be substituted for Defendant John Doe. At all times relevant to the within action, Defendant John Doe acted under color of state law.

## FACTS GIVING RISE TO CAUSE OF ACTION

26.     On or about December 10, 2017, Plaintiff, while driving home from work, was communicating by electronic mail and telephone with an individual purporting to be a fourteen (14) year old minor.

27.     During the aforesaid conversations and correspondence, Plaintiff believed that the individual with whom he was communicating was not a fourteen (14) year old minor and in fact was an older individual who was engaged in role playing.

28.     The individual communicating with Plaintiff requested that they meet at Hyatt Place, 45 W. North Street, Bethlehem, Pennsylvania..

-6-

29.     Out of pure curiosity, Plaintiff agreed to meet the individual at the designated location.

30.     As Plaintiff approached the vicinity of the designated hotel, he terminated all communication with the other individual and elected to proceed to drive home.

31.     At no time did Plaintiff stop, park or exit his vehicle and on the contrary, continued on the path to his home.

32.     The individual who purported to be the fourteen 14 year old minor who was communicating with Plaintiff was in fact Defendant Barlow.

33.     Defendant Barlow had made contact with Plaintiff in accordance with a "sting" operation organized and monitored by Defendant Office of the Attorney General.

34.     On the aforesaid date, Defendant Bethlehem Police Department, by and through Defendants Leaser, Heuser or John Doe was assisting Defendant Attorney General's Office in coordinating and enforcing the aforesaid "sting" operation.

35.     On the aforesaid date, Defendants Leaser, Heuser or John Doe were in full uniform and positioned in their police vehicles in the vicinity of Hyatt Place in their police vehicles.

36.     On the aforesaid date, as Plaintiff attempted to drive home, Defendant Barlow contacted Defendants Leaser, Heuser or John Doe.

37.     On said date, Defendants Leaser, Heuser or John Doe and Barlow entered into an agreement, understanding, plot, plan and conspiracy to arrest Plaintiff, even though Plaintiff had committed no crime, had renounced any agreement to meet the person with whom he was communicating, specifically Defendant Barlow and was driving to his home.

-7-

38.    Pursuant to the aforesaid conspiracy, Defendants Leaser, Heuser or John Doe followed Plaintiff's vehicle as Plaintiff attempted to drive home.

39.    Defendant Heuser initially stopped the Plaintiff's vehicle in the vicinity of the intersection of New and Broad Streets, Bethlehem, Northampton County, Pennsylvania.

40.    Defendant Leaser or John Doe subsequently arrived at the location at which Plaintiff was initially stopped by Defendant Heuser.

41.    Pursuant to the aforesaid conspiracy with Defendant Barlow, Defendants Leaser, Heuser or John Doe initially gave Plaintiff a false reason for stopping his vehicle.

42.    Defendants Leaser, Heuser or John Doe initially advised Plaintiff that a vehicle matching the description of Plaintiff's vehicle had caused damage to several vehicles in the vicinity of the aforesaid Hyatt Place .

43.    Plaintiff advised Defendants Leaser and Heuser that he had not been involved in any accident nor had his vehicle caused damage to any other vehicles and he invited both officers to observe the outside of his vehicle for damage.

44.    After observing no damage to Plaintiff's vehicle, Defendant Leaser or Defendant John Doe stated that he smelled an odor of alcohol on Plaintiff's breath and ordered Plaintiff out of the vehicle.

45.    After Plaintiff exited his vehicle, Defendants Leaser, Heuser or John Doe prevented Plaintiff from driving home, placed Plaintiff under arrest, handcuffed Plaintiff and notified Defendant Barlow that Plaintiff was in their custody.

46.    Pursuant to the aforesaid conspiracy, Defendant Barlow arrived at the arrest scene prior to Plaintiff being transported to the Bethlehem Police Department.

-8-

47.     Pursuant to the aforesaid conspiracy, while at the scene of the initial arrest, Defendant Barlow, without probable cause or a search warrant conducted a search of Plaintiff's vehicle and seized Plaintiff's cell phone, which was located on the front seat of Plaintiff's vehicle in a locked condition.

48.     In accordance with the aforesaid conspiracy, Defendants Leaser, Heuser or John Doe, after effectuating a formal arrest of Plaintiff for driving under the influence of alcohol, subsequently transported Plaintiff to Bethlehem Police Headquarters.

49.     While Plaintiff was under arrest for Driving Under the Influence of Alcohol and confined at the Bethlehem Police Headquarters, he was confronted by Defendant Barlow and ordered to unlock his phone.

50.     Defendant Barlow, without probable cause or a search warrant, seized Plaintiff's cell phone and searched and examined its entire contents.

51.     In accordance with the aforesaid conspiracy, while Plaintiff was confined at Bethlehem Police Headquarters and under arrest for Driving Under the Influence, Defendant Barlow filed criminal charges against Plaintiff including one count Unlawful Contact With A Minor, one count Attempted Involuntary Deviate Sexual Intercourse and one count Criminal Use of a Communication Facility.

52.     In accordance with the aforesaid conspiracy, Defendants Leaser, Heuser or John Doe  did not formally file driving under the influence related charges against Plaintiff in conjunction with the charges filed Defendant Barlow.

53.     Subsequent to arresting Plaintiff for Driving Under the Influence, Defendant Leaser or Defendant John Doe was asked by another Bethlehem Police officer how the officers

-9-

were able to effectuate a stop to arrest Plaintiff.

54.    Defendant Leaser or Defendant John Doe responded "I gave him the old bullshit ruse to get him out of the car. It worked."

55.    Subsequent to Defendant Barlow's filing criminal charges, bail was set in the amount of two hundred thousand (\$ 200,000.00) dollars and Plaintiff was transported to the Northampton County Prison.

56.    Plaintiff remained in Northampton County Prison for four (4) days, during which time he failed to receive the proper medicine for his medical condition and during which time he suffered great physical and mental pain and anguish.

57.    Plaintiff's arrest was publicized in the media and Plaintiff's employer, upon learning of Plaintiff's arrest, terminated Plaintiff's employment.

58.    Plaintiff was subsequently released on bail and retained the legal services of Eric K. Dowdle, Esquire (hereinafter "Attorney Dowdle") to represent him on the criminal charges.

59.    On January 31, 2018, Plaintiff and Attorney Dowdle appeared for a Preliminary Hearing on the charges of: Unlawful Contact With a Minor, Criminal Attempt Involuntary Deviate Sexual Intercourse and Criminal Use of Communication Facility before District Magistrate Roy A. Manwaring.

60.    At the Preliminary Hearing, Defendant Office of the Attorney General was represented by Assistant Attorney General Michelle A. Laucella (hereinafter "A.A.G. Laucella").

61.    Prior the Preliminary Hearing Defendant Office of Attorney General added a fourth charge of Criminal Attempt Statutory Sexual Assault.

62.    During the aforesaid Preliminary Hearing Defendant Barlow proffered false and

-10-

perjured testimony concerning the circumstances surrounding his arrest of Plaintiff.

63.     Defendant Barlow further falsely testified that he had examined Plaintiff's phone at the scene of Plaintiff's initial arrest for Driving Under the Influence prior to Plaintiff's being transported to the Bethlehem Police Station.

64.     Contrary to Defendant Barlow's perjured testimony, Plaintiff's cell phone remained locked while at the arrest scene and was illegally seized and examined by Defendant Barlow while Plaintiff was at Police Headquarters, under arrest for Driving Under the Influence.

65.     At the close of the Preliminary Hearing, the District Magistrate, *sua sponte*, raised the issue of entrapment concerning Defendant Barlow's testimony, however, as a result of Defendant Barlow's perjured testimony, all charges were bound over for court.

66.     On April 12 , 2018, Plaintiff appeared in the Court of Common Pleas of Northampton County for his formal arraignment, at which time, Defendant Office of Attorney General added a fifth charge of Criminal Attempt Indecent Assault..

67.     On or about June, 2018, the disposition of Plaintiff's criminal charges was scheduled  before the Honorable Jennifer R. Sletvold, Judge of the Court of Common Pleas of Northampton County.

68.     Prior to the disposition of Plaintiff's charges, A.A.G. Laucella, in the presence of Defense Counsel Dowdle, advised Judge Sletvold that she had not previously worked with Defendant Barlow and that she feared that if she called him as a witness in court, he would offer perjured testimony before the Court.

69.     A.A.G. Laucella further advised Judge Sletvold, in the presence of Defense Counsel Dowdle, that, as a result of her fears concerning Defendant Barlow's dishonesty and in

-11-

order to prevent any perjured testimony from being presented to the Court, she intended to dismiss/nolle pros all charges against Plaintiff.

70.    In accordance with her representation to Judge Sletvold and on behalf of Defendant Commonwealth of Pennsylvania, A.A.G. Laucella entered a formal nolle pros with the Court and dismissed all criminal charges against Plaintiff.

71.    Plaintiff avers that Defendant Barlow had a history and reputation of presenting false evidence and perjured testimony in order to secure convictions concerning the "sting" operations conducted throughout the Commonwealth by Defendant Office of the Attorney General and Defendant Shapiro and A.A.G. Laucella knew or should have known of Defendant Barlow's reputation, conduct and propensity for providing false and perjured testimony.

72.    As a result of the Defendants' above-described conduct, Plaintiff has suffered and continues to suffer severe and debilitating emotional distress, great physical pain, including headaches and emotional pain, embarrassment, humiliation, feelings of worthlessness, sadness, anger and inability to sleep.

73.    As a result of Defendants' above-described conduct, was terminated from his prior employment and has been unable to obtain suitable comparable employment.

74.    As a result of Defendants' above-described conduct, Plaintiff has suffered the loss of his reputation within his social and familiar community.

75.    As a result of Defendants' above-described conduct, Plaintiff has suffered great financial loss, including loss of pension, related benefits and loss of current and future earnings.

## COUNT I
## PLAINTIFF VS. ALL DEFENDANTS
## VIOLATION OF 42 U.S.C. § 1983
## FALSE ARREST

76.     Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 75 as though the same were more fully set forth at length herein.

77.     At all times relevant to the within action, Defendants acted under the color of state law and deprived Plaintiff of his federal constitutional rights.

78.     Defendants Leaser, Heuser or John Doe and Barlow falsely, maliciously, without probable cause, legal justification and privilege of arrest, placed Plaintiff under arrest for Driving Under the Influence of Alcohol.

79.     Defendants Leaser, Heuser or John Doe and Barlow falsely, maliciously, without probable cause, legal justification and privilege of arrest, placed Plaintiff under arrest for Unlawful Contact With a Minor, Attempted Involuntary Deviate Sexual Intercourse and Criminal Use of a Communication Facility, Criminal Attempt Statutory Sexual Assault and Criminal Attempt Indecent Assault.

80.     As a result of Defendants Leaser's, Heuser's, John Doe's and Barlow's above-described conduct, Defendants continued to prosecute Plaintiff on the charge of Driving Under the Influence from the location of the initial stop and arrest through Plaintiff's being transported to and confined at the Bethlehem Police Headquarters.

81.     Defendants continued to prosecute Plaintiff on the additional false charges of Unlawful Contact With a Minor, Criminal Attempted Involuntary Deviate Sexual Intercourse, Criminal Use of a Communication Facility, Criminal Attempt Statutory Sexual Assault and

-13-

Criminal Attempt Indecent Assault until such time that the false charges were dismissed by a nolle prosse entered by A.A.G. Laucella.

82.     The conduct of Defendants Leaser, Heuser or John Doe and Barlow, in subjecting Plaintiff to the false arrest on all of the aforesaid charges, was accepted, approved, condoned, acquiesced to, adopted and participated in by all Defendants and their policymakers, supervisors and management level employees, who, at all times acted under color of state law.

83.     Defendants' conduct violated Plaintiff's rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and the applicable statutes and case law therein.

84.     As a direct and proximate result of the conduct, acts and omissions of all Defendants, Plaintiff sustained damage and injuries more fully set forth herein.

WHEREFORE, Plaintiff, Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

## COUNT II
## PLAINTIFF VS. ALL DEFENDANTS
## VIOLATION OF 42 U.S.C. § 1983
## FALSE IMPRISONMENT

85.     Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 84 as though the same were more fully set forth at length herein.

86.     Defendants Leaser, Heuser or John Doe and Barlow, while acting under the

-14-

color of state law and as agents, servants and employees of Defendants and their policymakers and

supervisory/management level employees, without probable cause, proper warrants, proper

complaint or legal justification arrested and took Plaintiff into custody and further deprived

Plaintiff of his liberty by confining Plaintiff in a police vehicle, at police headquarters and by

incarcerating Plaintiff in the Northampton County Prison.

87.     Defendants Leaser, Heuser or John Doe and Barlow lacked probable cause to

arrest Plaintiff on any criminal charges and Plaintiff's arrest was illegal.

88.     After falsely arresting Plaintiff, Defendants Leaser, Heuser or John Doe and

Barlow orchestrated Plaintiff's initial detention at Bethlehem Police Headquarters for the false

charge of Driving Under the Influence and Plaintiff's subsequent incarceration in the

Northampton County Prison on the charges filed by Defendant Barlow.

89.     Defendants Leaser, Heuser or John Doe and Barlow arrested Plaintiff, deprived

Plaintiff of his liberty and took Plaintiff into custody initially on the false charge of Driving Under

the Influence despite the lack of probable cause necessary to assert any official privilege to stop,

detain or imprison Plaintiff.

90.     Defendants Leaser, Heuser or John Doe and Barlow, further deprived Plaintiff

of his liberty and took Plaintiff into custody on the false charges of Unlawful Contact with a

Minor, Attempted Involuntary Deviate Sexual Intercourse, Criminal Use of a Communication

Facility, Criminal Attempt Statutory Sexual Assault and Criminal Attempt to Indecent Assault

despite the lack of probable cause necessary to assert any official privilege to stop, detain or

imprison Plaintiff.

91.     Defendants Leaser's, Heuser's or John Doe's and Barlow's arrest, detention

-15-

and confinement of Plaintiff was unjustified and for their own malicious purposes.

92.    Defendants Leaser, Heuser or John Doe and Barlow did not arrest, confine and imprison Plaintiff for a legitimate law enforcement purpose, but rather said arrest was a direct and proximate result of the aforesaid conspiracy between Defendants Leaser, Heuser or John Doe and Barlow and Defendant Barlow's improper, negligent, reckless and unprofessional desire to effectuate an arrest and conviction pursuant to the aforesaid "sting" operations of Defendant Office of the Attorney General.

93.    Defendants' illegal and unjustified arrest of Plaintiff occurred on December 10, 2017 and was followed by an illegal and improper prosecution by Defendants, until the charges were terminated in Plaintiff's favor and dismissed by the Court of jurisdiction on or about June, 2018.

94.    As a result of the conduct of Defendants as set forth above, Plaintiff was detained in the Bethlehem Police Headquarters and incarcerated in the Northampton County Prison from December 10, 2017 to December 14, 2017

95.    The above-described conduct of Defendants Leaser, Heuser or John Doe and Barlow constitutes a false imprisonment of Plaintiff, which resulted in the Plaintiff sustaining the damages and injuries set forth herein.

96.    The conduct of Defendants Leaser, Heuser or John Doe and Barlow, in subjecting Plaintiff to false imprisonment, was accepted, approved, condoned, acquiesced to, adopted and participated in by Defendants, their policymakers and their supervisory/management level employees.

97.    At all times relevant to the within action, Defendants, their agents, policymakers

-16-

and supervisory/management level employees acted under color of state law and deprived Plaintiff of his federal constitutional rights.

98.     Defendants, therefore, are liable to Plaintiff for false imprisonment.

99.     Defendants conduct violated Plaintiff's rights, privileges and immunities as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the applicable statutes and case law therein.

WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

**COUNT III**
**PLAINTIFF VS. ALL DEFENDANTS**
**VIOLATION OF 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**

100.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 99 as though the same were more fully set forth at length herein.

101.    Defendants, by and through their agents, servants, workmen and employees, specifically Defendants Leaser, Heuser or John Doe and Barlow, acting under the color of state law, initially arrested Plaintiff on the false charge of Driving Under the Influence and subsequently instituted criminal charges against Plaintiff, including Unlawful Contact with a Minor, Attempted Involuntary Deviate Sexual Intercourse and Criminal Use of a Communication Facility, Criminal Attempt Statutory Sexual Assault and Criminal Attempt Indecent Assault.

102.    Defendants, by and through Defendants Leaser, Heuser or John Doe and Barlow, after initially arresting Plaintiff on the false charge of Driving Under the Influence and subsequently arresting Plaintiff on the charges filed by Defendant Barlow,  further orchestrated the setting of bail at the preliminary arraignment in the amount of Two Hundred Thousand  ($ 200,000.00) Dollars to ensure Plaintiff's incarceration.

103.    Neither Defendants Shapiro, Donchez or DiLuzio nor any policymakers or supervisory/management level employees of Defendants intervened to free Plaintiff from his initial false arrest and incarceration at the Bethlehem Police Headquarters for Driving Under the Influence nor did they intervene to allow a bail reduction or to dismiss the false charges filed against Plaintiff by Defendant Barlow and to relieve Plaintiff of the hardship of having to defend against the prosecution of said charges by the Defendants.

104.    Defendants lacked probable cause for arresting Plaintiff on the charge of Driving While Under the Influence and for the filing of all charges against Plaintiff, for continuing to prosecute Plaintiff on said illegal and false charges and for subjecting Plaintiff to the criminal justice system.

105.    As a result of the Defendants' actions, Plaintiff was forced to expend funds to make bail and to secure his liberty, which had been wrongfully and illegally deprived by Defendants and to secure legal representation.

106.    As a result of Defendants' actions, Plaintiff had to appear before a magistrate district justice for a preliminary hearing on the false charges brought by Defendant Barlow.

107.    Defendants Leaser, Heuser or John Doe and Barlow acted maliciously in initially arresting Plaintiff on the false charge of Driving Under the Influence and continuing to prosecute

-18-

Plaintiff on the charges brought by Defendant Barlow and their actions were for a purpose other than bringing Plaintiff to justice.

108.    Defendants acted with ill will or spite in that said Defendants lacked the belief in the propriety in the arrest and prosecution of Plaintiff on the aforesaid charges.

109.    Defendants Leaser, Heuser or John Doe and Barlow knew or should have known from the outset that the charges against Plaintiff were without probable cause and that there was insufficient evidence to sustain the criminal charges against Plaintiff.

110.    Defendants Leaser, Heuser or John Doe and Barlow knowingly ignored overwhelming exculpatory evidence, thereby  providing false information to the prosecutor/ Assistant Attorney General in order to insure that criminal charges were filed against Plaintiff.

111.    Defendants Leaser, Heuser or John Doe and Barlow acted with an overzealous desire to arrest Plaintiff on said charges and/or with blindness and intentional avoidance of the evidence of Plaintiff's innocence on said charges

112.    Defendants Leaser, Heuser or John Doe and Barlow knowingly provided false information to the prosecutor/Assistant Attorney General  in order to assure that criminal charges were filed against Plaintiff.

113.    Defendants Leaser, Heuser or John Doe and Barlow knowing of Plaintiff's innocence intentionally lied to Plaintiff concerning the reason for the initial stop and Plaintiff's arrest for Driving Under the Influence was pursuant to a long-standing "bullshit ruse" regularly implemented by members of Defendant City of Bethlehem's Police Department.

114.    Defendants' Leaser, Heuser or John Doe stop and arrest of Plaintiff for Driving Under the Influence was for malicious purposes and the result of their aforesaid

-19-

conspiracy with Defendant Barlow.

115.    Defendants Leaser, Heuser or John Doe and Barlow's' arrest of Plaintiff on all charges, including Driving Under the Influence and the charges filed by Defendant Barlow was without probable cause and illegal  and formed a basis for Plaintiff's custodial confinement and the deprivation of his liberty.

116.    Pursuant to the aforesaid conspiracy, the charge of Driving Under the Influence against Plaintiff was terminated in Plaintiff's favor by Defendants Leaser, Heuser or John Doe electing not to file formal criminal charges with the District Magistrate.

117.    The criminal proceedings against Plaintiff on the charges of Unlawful Contact With a Minor, Criminal Attempt Involuntary Deviate Sexual Intercourse, Criminal Use of a Communication Facility, Criminal Attempt Statutory Sexual Assault and Criminal Attempt Indecent Assault were terminated and ended in Plaintiff's favor by a nolle prosse dismissal of all charges entered before the Court by A.A.G. Laucella.

118.    The conduct of Defendants Leaser, Heuser or John Doe and Barlow in subjecting Plaintiff to malicious prosecution, was accepted, approved, condoned, acquiesced to, adopted and participated in by Defendants, their policymakers and supervisory/management level employees.

119.    Defendants are therefore liable to Plaintiff for malicious prosecution.

120.    Defendants conduct violated Plaintiff's rights, privileges and immunities as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the applicable statutes and case law therein.

        WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this

-20-

Honorable Court enter judgment in his favor and against the Defendants in the amount of all

damages, including compensatory damages, punitive damages against individual Defendants,

interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief

that this Honorable Court deems just and reasonable.

**COUNT IV**
**PLAINTIFF VS. DEFENDANTS LEASER, HEUSER, OR**
**JOHN DOE AND BARLOW**
**42 U.S.C. § 1983 - CONSPIRACY**

121.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1

through 120 as though the same were more fully set forth at length herein.

122.    Defendants Leaser, Heuser or John Doe and Barlow initially entered into an

agreement, understanding, plot, plan and conspiracy that they would initially stop and arrest

Plaintiff on the false charge of Driving Under the Influence, enable Defendant Barlow to

illegally search and seize Plaintiff's cell phone and to effectuate the additional charges brought

by Defendant Barlow for which Plaintiff was incarcerated in the Northampton County Prison.

123.    Defendants Leaser, Heuser or John Doe took an overt act in furtherance of the

aforesaid conspiracy by stopping Plaintiff, providing false reasons for the initial stop, by arresting

Plaintiff on the false charge of Driving Under the Influence, by enabling Defendant Barlow to

seize Plaintiff's cell phone without probable cause or a search warrant at the arrest scene and by

enabling Defendant Barlow's subsequent illegal search and seizure of Plaintiff's cell phone at

police headquarters, after which Defendant Barlow filed the additional false charges more fully

described above.

124.    Defendants Leaser, Heuser or John Doe and Barlow acting under color of state

-21-

law, including but not limited to color of any statute, ordinance, regulation, custom or usage and motivated by prejudice against Plaintiff, conspired with each other for the purpose of impeding, obstructing, hindering and defeating the due course of justice and with the intent to deny and deprive Plaintiff of his well established Fourth and Fourteenth Amendment rights and Defendants condoned, acquiesced to, adopted and participated in the unlawful conduct of above individually named Defendants.

125.   Defendants Leaser, Heuser or John Doe and Barlow, acting in combination with each other, entered an agreement or understanding among all or between any of the Defendants to plot, plan or conspire to carry out the alleged chain of events and overt acts, as set forth above, thereby causing Plaintiff to suffer and sustain deprivations, injuries and special damages as more fully set forth herein.

126.   At all times relevant to the within action, Defendant Commonwealth of Pennsylvania, Office of Attorney General, Defendant Shapiro, Defendant City of Bethlehem, Defendant Donchez and Defendant DiLuzio and their supervisory/management level employees acted under color of state law and acquiesced to, condoned, adopted and participated in the unlawful conduct of Defendants, Leaser, Heuser or John Doe and Barlow

WHEREFORE, Plaintiff, Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

## COUNT V
## PLAINTIFF VS. ALL DEFENDANTS
## VIOLATION OF 42 U.S.C. § 1983, 1988
## DUE PROCESS VIOLATIONS

127.     Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 126 as though the same were more fully set forth at length herein.

128.     Plaintiff's right to be free from false arrest, false imprisonment, malicious prosecution and the damages and injuries related thereto is fundamental under the United States Constitution including the Fourth and Fourteenth Amendments.

129.     The conduct of Defendants Leaser, Heuser or John Doe and Barlow was willful, reckless, grossly negligent and deliberately indifferent to the life and safety of Plaintiff.

130.     The conduct of Defendants Leaser, Heuser or John Doe and Barlow constitutes a violation of the Fourth and Fourteenth Amendments to the United States Constitution and to the Plaintiff's right to personal security, to life and liberty and to be free from arbitrary, reckless and punitive government action which shocks the conscience.

131.     Plaintiff had a right and a liberty interest in his good name, reputation, honor and integrity without having the same being damaged as a direct result of the illegal conduct of Defendants.

132.     The actions of Defendants permanently damaged Plaintiff's good name and reputation and adversely impacted and destroyed his professional career and his ability to prepare for and pursue his chosen profession.

133.     Plaintiff had a right, property interest and legitimate claim in the full completion of his chosen profession and in the financial, medical and other benefits which would accrue

-23-

therefrom.

134.    Plaintiff cannot be deprived of his liberty interest without due process of law.

135.    Plaintiff cannot be deprived of his property interest without due process of law.

136.    As a direct and proximate result of the above-described conduct of Defendants Leaser, Heuser or John Doe and Barlow, Plaintiff sustained grievous injuries.

137.    The actions of Defendants Leaser, Heuser or John Doe and Barlow were willful, wanton, malicious, oppressive and unjustified.

138.    The actions of Defendants Leaser, Heuser or John Doe and Barlow were accepted, acquiesced to, condoned, adopted, ratified and participated in by Defendants, their policymakers, agents, and supervisory/management level employees, who, at all times, acted under color of state law.

139.    Defendants have deprived Plaintiff of both substantive and procedural due process by engaging in the above-described illegal conduct.

140.    Defendants' conduct further violated Plaintiff's rights, privileges and immunities as secured by the Fourteenth Amendment to the United States Constitution and the applicable statutes therein.

141.    As a result of the action of the Defendants, as set forth above Plaintiff is entitled to punitive damages and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

        WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief

-24-

that this Honorable Court deems just and reasonable.

## COUNT VI
## PLAINTIFFS VS . DEFENDANTS SHAPIRO, DONCHEZ AND DiLUZIO
## VIOLATION OF 42 U.S.C. § 1983
## SUPERVISORY LIABILITY

142.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 141 as though the same were more fully set forth at length herein.

143.    Defendants Shapiro, Donchez and DiLuzio,  their policymakers and their supervisors, acted in a supervisory or management capacity under circumstances and during the period when their subordinates, Defendants Leaser, Heuser or John Doe and Barlow, violated the rights of the Plaintiff.

144.    Defendant Shapiro, and his supervisory/management level employees knew or should have known of Defendant Barlow's reputation and propensity for engaging in false arrests, providing false information and providing perjured testimony in order to effectuate arrests and convictions on the "sting" operations being conducted by Defendant Office of the Attorney General.

145.    Defendants Donchez, DiLuzio and their supervisory/management level employees knew or should have known of the longstanding policy and custom of providing false information and  "bullshit ruses" to effectuate illegal stops and arrests by the officers of the Bethlehem Police Department including Defendants Leaser, Heuser or John Doe.

146.    At all times, the actions of Defendants Leaser, Heuser or John Doe and Barlow were accepted, approved, condoned and acquiesced to by the Defendants Shapiro, Donchez and DiLuzio who acted under color of state law in a management or supervisory capacity for

-25-

Defendants Commonwealth of Pennsylvania Office of Attorney General and City of Bethlehem, Bethlehem Police Department.

147.    Defendants Shapiro, Donchez, DiLuzio and the decision makers and the supervisory/management level employees of the Defendants Commonwealth of Pennsylvania Office of Attorney General and City of Bethlehem, Bethlehem Police Department, directed the conduct which resulted in the violation of the federal rights of the Plaintiff as alleged or had actual knowledge of the violation of said federal rights by the subordinate defendant and accepted, approved, condoned and acquiesced in said violations.

148.    Defendants Shapiro, Donchez and DiLuzio and their supervisors acted with deliberate indifference to the consequences, established and maintained  policies, practice or custom which directly caused the violation of the civil rights of Plaintiff or failed to maintain or enforce a policy under circumstances wherein one or more policies or regulations were necessary to protect the rights of Plaintiff and other citizens.

149.    The supervisory Defendants had specific knowledge of the unconstitutional conduct of Defendants Leaser, Heuser or John Doe and Barlow and intentionally acquiesced in this conduct by failing to establish proper procedures or by failing to adequately train and supervise Defendants Leaser, Heuser or John Doe and Barlow and other employees under their supervision.

150.    The conduct of the supervisory Defendants was a proximate cause of the injuries and damages suffered by Plaintiff, as set forth herein and said Defendants' failure to train or supervise Defendant Leaser, Heuser or John Doe and Barlow caused Plaintiff to be deprived of his civil rights and as such, said supervisory Defendants are personally liable for all damages and

-26-

injuries to Plaintiff.

151.    The illegal and improper actions of Defendants Leaser, Heuser or John Doe and Barlow were a direct result of their lack of proper training and supervision by Defendants Shapiro, Donchez and DiLuzio, their policymakers and supervisory/management level employees of Defendant Commonwealth of Pennsylvania, Office of Attorney General and Defendant City of Bethlehem.

152.    As a further result of the aforesaid deficient supervision of Defendants Leaser, Heuser or John Doe and Barlow by Defendants Shapiro, Donchez and DiLuzio their policymakers and supervisory/management level employees, Plaintiff suffered the damages set forth herein.

        WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully request that this Honorable Court enter judgment in their favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

## COUNT VII
## PLAINTIFF VS. DEFENDANT CITY OF BETHLEHEM
## VIOLATION OF 42 U.S.C. § 1983
## MUNICIPAL LIABILITY

153.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 152 as though the same were more fully set forth at length herein.

154.    Prior to December 10, 2017, Defendant City of Bethlehem and its police department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons within the Commonwealth of Pennsylvania, which caused the

-27-

violation of the rights of the Plaintiff.

155.    Prior to December 10, 2017, it was a policy and custom of Defendant City to have its police officers engaging in false stops and  "ruses" in order to effectuate arrests and violate the constitutional rights of citizens.

156.    On December 10, 2017, pursuant to Defendant City's policy and custom, Defendant Leaser or Defendant John Doe lied to and orchestrated what was termed a "bullshit ruse" upon Plaintiff, in order to effectuate a false arrest, false imprisonment and malicious prosecution of Plaintiff on the charge of Driving Under the Influence and the subsequent charges filed by Defendant Barlow which were nolle prossed in June, 2018.

157.    Prior to December 10, 2017, it was the policy and custom of Defendant City of Bethlehem to inadequately interview and screen during the hiring process for its police officers and to inadequately train, re-train and supervise its police officers, including Defendants Leaser, Heuser or John Doe.

158.    The failure of Defendant City of Bethlehem to properly interview, screen, train, re-train and supervise its police officers resulted in its failure to adequately discourage and prevent constitutional and civil rights violations on the part of its police force, including Defendants Leaser, Heuser or John Doe.

159.    Defendant City of Bethlehem did not mandate adequate or appropriate service training of its police officers, including those who were known in the past to have engaged in police misconduct, civil and constitutional rights violations and actions which posed a risk to the safety and well-being of the citizens of the Commonwealth of Pennsylvania.

160.    Defendant City of Bethlehem further failed to mandate adequate or appropriate

-28-

in-service training or discipline to those officers who were known to encourage or tolerate the aforesaid misconduct, including Defendants Leaser, Heuser or John Doe.

161.    Defendant City of Bethlehem failed to provide proper training to its police officers concerning the proper investigation of crimes and in protecting the constitutional rights of citizens, such as Plaintiff.

162.    The actions and conduct of Defendants Leaser, Heuser or John Doe in the within matter were caused by a policy, practice and custom of the Defendant City of Bethlehem of failing, with deliberate indifference, to supervise and properly train its police officers in  proper investigation techniques which protect the constitutional rights of citizens, such as Plaintiff.

163.    Defendant City of Bethlehem has failed to properly discipline defendant officers and other officers in the police department in cases involving improper tactics, "ruses" and in violating the constitutional rights of citizens which has resulted  in the false arrest, false imprisonment and malicious prosecution of citizens of the Commonwealth of Pennsylvania without probable cause and/or consent.

164.    Defendant City of Bethlehem maintained a grossly, systemically deficient process of review of police misconduct, including abuse of police powers or violations of citizens' rights by police officers.

165.    Defendant City of Bethlehem has failed to identify instances of abusive police powers or violations of citizens' rights by police officers or to discipline, more closely supervise or re-train officers who abuse their police powers or violate citizens' rights, including Defendants Leaser, Heuser or John Doe.

166.    The lack of meaningful investigation, supervision and discipline of officers

-29-

accused of misconduct was a custom so deeply ingrained as to constitute the actual policy of Defendant City of Bethlehem.

167.    Defendant City of Bethlehem was deliberately indifferent to the need for a system of discipline that insured consistent and certain punishment for police officers who violated the rights of citizens or departmental directives.

168.    Defendant City of Bethlehem failed to devote adequate staff and resources to litigating officer appeals of disciplinary decisions imparted by police supervisors/management.

169.    Defendant City of Bethlehem failed to adequately train its staff or otherwise provide them with training and support to litigate officer appeals of disciplinary decisions by police supervisors/management.

170.    Defendant City of Bethlehem failed to insure timely investigations, disciplinary proceedings, disciplinary decisions and hearings on appeals of the disciplinary decisions of police supervisors/management.

171.    Defendant City of Bethlehem failed to insure that its staff was prepared to litigate officer appeals of supervisory disciplinary decisions.

172.    The lack of a system of discipline that insured consistent and certain punishment for those police officers who violated the rights of citizens or Departmental directives was a custom so deeply ingrained as to constitute the actual policy of the Defendant City of Bethlehem.

173.    The foregoing acts, omissions, systemic deficiencies, custom and deliberate indifference, caused police officers, including Defendants Leaser, Heuser or John Doe to believe that misconduct, including the violation of citizens' rights, would not be promptly punished and

-30-

that any punishment or discipline imposed would be delayed for years and ultimately overturned, with the foreseeable result that officers, including Defendants Leaser, Heuser or John Doe believed that they could violate the rights of citizens, like Plaintiff, with impunity.

174.    The foregoing acts, omissions, systemic deficiencies, custom and deliberate indifference, caused police officers, including Defendants Leaser, Heuser or John Doe to believe that misconduct, including the violations of citizens' rights, would not be meaningfully investigated or that no meaningful sanctions, punishment or discipline would be imposed, with the foreseeable result that officers, including Defendants Leaser, Heuser or John Doe believed that they could violate the rights of citizens, like Plaintiff, with impunity.

175.    Defendant City of Bethlehem was deliberately indifferent to the need for training, supervision and discipline of police officers to avoid creating situations in which said officers believed that they could blatantly engage in "ruses", intentionally provide false information to citizens in order to effectuate a false arrest and false imprisonment, such as the actions taken by Defendants Leaser, Heuser or John Doe which resulted in Plaintiff's being subjected to false arrest, false imprisonment, malicious prosecution, violation of due process and other related injuries and damages.

176.    Defendant City of Bethlehem failed to investigate, discipline, restrain or terminate officers, such as Defendants Leaser, Heuser or John Doe, who subject innocent citizens to false arrest, false imprisonment, malicious prosecution, violations of due process and other related injuries and damages.

177.    The foregoing acts, omissions, systemic deficiencies, customs and deliberate indifference caused police officers, including Defendants Leaser, Heuser or John Doe, to believe

-31-

that they could engage in conduct which subjected an innocent citizen to legal process, including

false arrest, false imprisonment, malicious prosecution, due process violations and other related

injuries and damages and that his conduct would not be meaningfully investigated and that no

sanctions or retraining would be imposed, with the foreseeable result that officers, including

Defendants Leaser, Heuser or John Doe believed they could violate the rights of citizens, like

Plaintiff, with impunity.

178.   Defendant City of Bethlehem's policies, practices and customs and its failure,

with deliberate indifference, to properly train, supervise, investigate and discipline in connection

with the proper investigation of crimes and protection of the constitutional rights of citizens

caused Defendants Leaser, Heuser or John Doe to violate Plaintiff's rights under the United States

Constitution and the applicable statutes and case law.

179.   Defendant City of Bethlehem is responsible for a pattern of falsely arresting and

subjecting innocent citizens to legal process and criminal proceedings, by failing to meaningfully

investigate and discipline officers who engage in such conduct and who are not meaningfully

disciplined for subjecting innocent citizens to false arrest, false imprisonment and legal process

within the criminal justice system.

180.   As a direct and proximate result of or by virtue of an affirmative link or causal

nexus thereof, the aforesaid acts, omissions and deliberate indifference to the danger of harm to

citizens like Plaintiff and the need for more or different training, investigation and discipline,

systemic deficiencies, policies, practices and customs of Defendant City of Bethlehem,

Defendants Leaser, Heuser or John Doe violated the rights of Plaintiff under the laws and

Constitution of the United States of America including the Fourth and Fourteenth Amendments

-32-

and 42 U.S.C.§ 1983 pertaining to Plaintiff's right to be free from false arrest, false imprisonment, malicious prosecution, due process violations and other related injuries and damages and to be secure in his person and property

181.    The above-described policies and customs and failure to adopt necessary and appropriate policies demonstrated a deliberate indifference on the part of the policymakers and decision makers of Defendant City, which group includes, but is not limited to, Defendant Donchez, Defendant DiLuzio, their policymakers and supervisory/management level employees and were the cause of the violation of the rights of Plaintiff, as alleged herein and the injuries and damages that resulted therefrom.

182.    The rights of citizens, including Plaintiff, to be free from false arrest, false imprisonment, malicious prosecution and due process violations are well established, fundamental and protected by the Fourth and Fourteenth Amendments to the United States Constitution and Defendants were aware or should have been aware of these rights and the constitutional protections.

183.    Defendants City of Bethlehem, Donchez, DiLuzio and their decision makers and supervisory/management level employees had a duty to protect the constitutional rights of Plaintiff and other citizens.

184.    The allowing of the above-described defective and inadequate policies and customs and the failure to adopt the necessary and appropriate policies, demonstrated a deliberate indifference on the part of Defendants City of Bethlehem, Donchez, DiLuzio and the decision makers and supervisory/management level employees concerning the constitutional rights of Plaintiff and other citizens and constitute a breach of their duty to protect the constitutional rights

-33-

of Plaintiff and other citizens.

185.    As a result, Defendant City of Bethlehem is liable to Plaintiff for all injuries and damages suffered from his being subjected to false arrest and false imprisonment on the charge of Driving Under the Influence and malicious prosecution on the charges brought by Defendant Barlow, violations of due process and other specific injuries and damages set forth in the within Complaint concerning the subsequently filed charges which were nolle prossed/ dismissed in June, 2018.

WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant City of Bethlehem in the amount of all damages, including compensatory damages, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

**COUNT VIII**
**PLAINTIFF VS. DEFENDANTS LEASER, HEUSER OR**
**JOHN DOE AND BARLOW**
**SUPPLEMENTAL STATE LAW CLAIM**
**FALSE ARREST/FALSE IMPRISONMENT**

186.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 185 as though the same were more fully set forth at length herein.

187.    The conduct of Defendants Leaser, Heuser or John Doe and Barlow constitutes a false arrest and false imprisonment of Plaintiff, which resulted in Plaintiff sustaining the damages and injuries set forth herein.

188.    Plaintiff was injured and damaged, as set forth above, by Defendants Leaser, Heuser or John Doe and Barlow, who acted with the intent to arrest and confine Plaintiff

unlawfully and such actions were the actual and proximate cause of Plaintiff's confinement.

189.    As a result, the individual Defendants are liable to Plaintiff for false arrest and false imprisonment under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable.

**COUNT IX**
**PLAINTIFF VS. DEFENDANTS LEASER, HEUSER OR**
**JOHN DOE AND BARLOW**
**SUPPLEMENTAL STATE LAW CLAIM**
**MALICIOUS PROSECUTION**

190.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 189 as though the same were more fully set forth at length herein.

191.    The conduct of Defendant Leaser, Heuser or John Doe and Barlow constitutes a malicious prosecution of Plaintiff, which resulted in Plaintiff sustaining the damages and injuries set forth herein.

192.    The conduct of the individual Defendants, as more fully described above, constituted and resulted in a malicious prosecution for which Defendants are liable to Plaintiff under the laws of the Commonwealth of Pennsylvania.

193.    As a direct and proximate result of the individual Defendants' actions, Plaintiff suffered and continues to suffer physical pain, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, pecuniary loss, financial expenses, economic

loss and the loss of the enjoyment of life and life's pleasures to his great detriment and for which he is entitled to recover.

WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable.

**COUNT X**
**PLAINTIFF VS. DEFENDANTS LEASER, HEUSER**
**OR JOHN DOE AND BARLOW**
**SUPPLEMENTAL STATE LAW CLAIM**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

194.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 193 as though the same were more fully set forth at length herein.

195.    The aforesaid extreme and outrageous conduct, acts or omissions of the individual Defendants Leaser, Heuser or John Doe and Barlow, in the scope of his employment were acting independently, were calculated, designed and intended by Defendants to intentionally inflict deliberate emotional distress, psychological trauma, pain and suffering upon Plaintiff.

196.    The individual Defendants engaged in said conduct with intent to instill an immediate and permanent sense of fear in Plaintiff's mind.

197.    As a direct and proximate cause of the actions or omissions of the individual Defendants, Plaintiff suffered extreme emotional distress, fear, anxiety, embarrassment, pecuniary loss, loss of life's enjoyments and resulting physical pain, all to his great detriment.

198.    The cause of action against the above-named individual Defendants for the tort of

intentional infliction of emotional distress is recognized under the laws of the Commonwealth of Pennsylvania and by the Pennsylvania courts.

199. The actions of the individual Defendants against the Plaintiff, which constituted outrageous conduct, was known to the Defendants and said actions directly and proximately caused Plaintiff to suffer emotional distress.

200. The actions of the individual Defendants against Plaintiff, constituted outrageous conduct which directly and proximately caused the Plaintiff to suffer emotional distress.

201. As a direct and proximate result of the actions of the individual Defendants, as more fully described above and the resulting extreme medical and emotional distress and physical illness, Plaintiff incurred financial expenses, medical bills and economic loss, to his great detriment and for which he is entitled to recover damages.

202. As a direct and proximate result of the outrageous conduct, actions and omissions of the individual Defendants and the resulting emotional and psychological stress and trauma, mental anguish, pain and suffering, fright, horror, grief, shame, humiliation, embarrassment, severe anger, disappointment, worry, medical expenses and economic loss, Plaintiff is entitled to punitive damages, both factually and legally against the individual Defendants.

WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable

-37-

## COUNT XI
## PLAINTIFF VS. DEFENDANTS
## LEASER, HEUSER OR JOHN DOE AND BARLOW
## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE PENNSYLVANIA CONSTITUTION

203.   Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 202 as though the same were more fully set forth at length herein.

204.   Defendants' above-described conduct has deprived Plaintiff of his rights pursuant to the constitution of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff Robert Andrew Saultz, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, jointly and severally and determine that the Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.   A declaration that Defendants have violated Plaintiff's civil rights;

B.   Injunctive relief, including entering an Order enjoining Defendants and members of Defendants' law enforcement department and all supervisory and management level employees of the Defendant Commonwealth of Pennsylvania Office of Attorney General and Defendant City of Bethlehem from engaging in further violations of the rights of citizens including the right to be free from false arrest, false imprisonment, malicious prosecution and violations of due process and directing that Defendants undertake a remedial program to provide regular and periodic training to their employees and police officers concerning the mandates of the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;

C.   Such other equitable relief as this Honorable Court should deem just and proper.

## DEMAND FOR JURY TRIAL

205.    Plaintiff hereby demands a jury trial on all issues of fact and damages in this action.

Respectfully submitted,

Date: December 9, 2019

Fredrick E. Charles, Esquire
Attorney for Plaintiff
Attorney I.D.: 25691
441 Linden Street
Allentown, PA 18102
(610) 437-7064

Dennis G. Charles, Esquire
Attorney for Plaintiff
Attorney I.D.: 30204
441 Linden Street
Allentown, PA 1802
(610) 437-7064

-39-